IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES Z.Z.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | Civil No. 1:26-cv-05255-MWJS<br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 221-486-325 |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Moises Z.Z.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Petitioner entered the country without inspection more than twelve years ago. *Moises Z.Z. v. Warden, Cal. City Immigr. Processing Ctr.*, Nos. 1:26-cv-04598-MWJS & 1:26-cv-04666-MWJS, 2026 WL 1803604, at *1 (E.D. Cal. June 23, 2026). He has been detained by immigration authorities since January 21, 2026. Dkt. No. 1, at pg. 1.

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner previously filed a habeas petition arguing that he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Moises Z.Z.*, 2026 WL 1803604, at *1. The court granted the petition in part, and Petitioner received a bond hearing on June 30, 2026. *See* Status Report, *Moises Z.Z.*, Nos. 1:26-cv-04598-MWJS & 1:26-cv-04666-MWJS (E.D. Cal. July 5, 2026), Dkt. No. 11. At the conclusion of that hearing, an immigration judge denied Petitioner's request for a change in custody status. *Id.*

On July 2, 2026, Petitioner signed the petition now before the court. Dkt. No. 1, at pg. 2. In this petition, Petitioner argues that his continued detention is unlawful because it violates his rights under the Due Process Clause of the Fifth Amendment. *Id.*

Regarding any claims based on the duration of Petitioner's current detention, as the court has already concluded, Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *Moises Z.Z.*, 2026 WL 1803604, at *1. Section 1226(a) authorizes the government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Relying on the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 703 (2001), the Ninth Circuit has concluded that the government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-*

*Romero*, 534 F.3d at 1063 (citation modified). In *Zadvydas*, the Supreme Court also stated that a six-month period of detention is presumptively reasonable. 533 U.S. at 701.

Here, Petitioner's current detention is presumptively reasonable because it has not exceeded six months. *See Santibanez Vazquez v. Warden of Cal. City Corr. Ctr.*, No. 2:26-cv-00547 DJC SCR, 2026 WL 947251, at *2 (E.D. Cal. Apr. 8, 2026) ("[P]etitioner's roughly three-month detention under § 1226(a) is neither prolonged nor indefinite. It has yet to exceed the presumptively reasonable six-month period of detention identified by the Supreme Court in [*Zadvydas*]."), *report and recommendation adopted sub nom. Vazquez v. Warden of Cal. City Corr. Ctr*., No. 2:26-cv-00547 DJC SCR, 2026 WL 1147428 (E.D. Cal. Apr. 27, 2026); *see also Prieto-Romero*, 534 F.3d at 1065 (concluding that detention spanning more than three years, "while lengthy, [was] not indefinite"). And Petitioner has not otherwise provided good reason to believe that his current period of detention is not reasonably necessary to bring about his removal.

To the extent Petitioner contends that circumstances have changed since his June 30 bond hearing, he may request another bond redetermination hearing before an immigration judge. *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Petitioner may then seek review of any bond redetermination decision by the Board of Immigration Appeals (BIA). *See* 8 C.F.R. 1003.19(f); *Rodriguez Diaz*, 53 F.4th at 1197. In general, Petitioner must exhaust his administrative remedies prior to seeking relief in federal court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th

Cir. 2011) ("[Petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."); *Clifton F. v. Warden, Cal. City Corr. Facility*, No. 1:26-cv-03398-MWJS, 2026 WL 1407948, at *2 (E.D. Cal. May 19, 2026) ("A noncitizen challenging an IJ's adverse bond determination must appeal that determination to the BIA before seeking habeas review.").

The court therefore DENIES the petition without prejudice. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: July 14, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge